## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-09-114-M |
| ) | |
| KEVIN LAWRENCE MUMFORD, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Before the Court are defendant's Motion to Dismiss Indictment Based on Failure to Timely Indict and defendant's First Amended Motion to Dismiss Complaint Based on Failure to Timely Indict, both filed July 7, 2009. On July 16, 2009, the government filed its response.

On December 9, 2008, the United States filed a criminal complaint in the Western District of Oklahoma against defendant. An arrest warrant was issued on this complaint. On or about March 4, 2009, in the Northern District of Texas, Deputy United States Marshals arrested defendant on that outstanding warrant. On March 5, 2009, a United States Magistrate Judge for the Northern District of Texas ordered that defendant be temporarily detained and transferred to the Western District of Oklahoma. On March 15, 2009, defendant arrived in the Western District of Oklahoma and appeared before a United States Magistrate Judge on March 17, 2009. On April 7, 2009, the government filed the Indictment in this action.

Defendant now moves, pursuant to 18 U.S.C. § 3161(b), to dismiss with prejudice the complaint filed on December 9, 2008, based upon the government's alleged failure to indict him within thirty days of his arrest. "Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b).

This thirty-day period begins to run once two things have occurred: (1) the filing of a federal complaint, and (2) the defendant's arrest based on that complaint. *United States v. Bagster*, 915 F.2d 607, 611 (10th Cir. 1990). If a complaint has been filed, "the Speedy Trial Act is triggered at the moment of arrest." *Id.* Accordingly, the Court finds that the thirty-day period began in this case on March 4, 2009, when defendant was arrested.

Additionally, the thirty-day period is subject to exclusions under § 3161(h). Any period of delay "resulting from transportation of any defendant from another district, . . . except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable", is excludable time for purposes of the thirty-day period. 18 U.S.C. § 3161(h)(1)(F).

In the case at bar, the transportation delay began on March 5, 2009, the day the Magistrate Judge for the Northern District of Texas issued his order that defendant be transferred to the Western District of Oklahoma, and ended on March 15, 2009, the day defendant arrived in the Western District of Oklahoma. While it took eleven days to transport defendant, ten days of that time are properly excludable.[1] *See United States v. Taylor*, 821 F.2d 1377, 1384 (9th Cir. 1987) (finding where transportation lasted from April 4 through April 17, "the ten days from April 4 through April 13 were excludable. The remaining four days must be presumed unreasonable."), *rev'd on other grounds*, 487 U.S. 326 (1988).

Therefore, after excluding ten days for the transportation of defendant from the Northern District of Texas to the Western District of Oklahoma, the Indictment in this case was filed twenty-five days after defendant was arrested. The Court, thus, finds that there was no violation of 18

---

[1] The Court would specifically find that the ten-day delay in transporting defendant from the Northern District of Texas to the Western District of Oklahoma was reasonable.

U.S.C. § 3161(b). Accordingly, the Court DENIES defendant's Motion to Dismiss Indictment Based on Failure to Timely Indict [docket no. 43] and defendant's First Amended Motion to Dismiss Complaint Based on Failure to Timely Indict [docket no. 44].

**IT IS SO ORDERED this 7th day of August, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE